IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA CASE ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 10 CV 7392 |
| THE TOWN OF CICERO, ) | |
| THE CITY OF BERWYN, ) | |
| And UNKNOWN OFFICERS ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SAMANTHA CASE, by and through her attorneys, The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law, states the following against THE TOWN OF CICERO, THE CITY OF BERWYN and UNKNOWN OFFICERS, hereinafter referred to as "DEFENDANT OFFICERS".

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. SAMANTHA CASE is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS, at all times relevant hereto, were employed by and acting on behalf of the TOWN OF CICERO and/or THE CITY OF BERWYN.

4. The TOWN OF CICERO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or

1

employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the TOWN OF CICERO.

5. The CITY OF BERWYN is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF BERWYN.

## **FACTS**

5. On or about March 15 through March 16, 2010, the DEFENDANT OFFICERS arrived at or about 1638 W. Harvey in Berwyn, Illinois.

6. DEFENDANT OFFICERS arrived at the home with a search warrant for the premises and for Nicholas Santiago.

7. At the aforementioned time and place, SAMANTHA CASE was a guest, legally inside the home.

8. Subsequently, upon information and belief, certain DEFENDANT OFFICERS, came into physical contact with SAMANTHA CASE.

9. Certain DEFENDANT OFFICERS from the TOWN OF CICERO struck SAMANTHA CASE on or about her back area, and pushed her to the ground.

10. Certain DEFENDANT OFFICERS from the CITY OF BERWYN struck SAMANTHA CASE on or about her back area, and pushed her to the ground.

11. SAMANTHA CASE was at all times cooperative, and at all times compliant with any and all requests and orders made upon her by any and all of the DEFENDANT OFFICERS.

12. The DEFENDANT OFFICERS refused to allow SAMANTHA CASE to get up or to move at any time, even after they were advised that she was experiencing pain.

13. The DEFENDANT OFFICERS were on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of their employment.

14. Specifically, some or all of the DEFENDANT OFFICERS struck and pushed SAMANTHA CASE, despite the fact that the she had not resisted, was compliant at all times, and was not a threat to the DEFENDANT OFFICERS. This conduct violated the Fourth Amendment to the United States Constitution.

15. On or about March 15 and/or March 16, 2010, SAMANTHA CASE did not obstruct justice, resist in any way, nor did she batter and/or assault any of the DEFENDANT OFFICERS.

16. The show of force initiated by and/or the failure to intervene in the use of said force by some or all of the DEFENDANT OFFICERS was unreasonable.

17. On March 15 and/or March 16, 2010, SAMANTHA CASE had not committed an act contrary to the laws of the State of Illinois, nor was she at any time the focus or subject of a criminal investigation.

18. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, the Plaintiff, SAMANTHA CASE suffered severe injuries to her body and herself and was forced to undergo medical treatment, sustain medical bills, and will continue to sustain medical bills in the future.

19. On or about March 15 and/or March 16, 2010, certain DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and said certain DEFENDANT OFFICERS were duly appointed police officers for the TOWN OF CICERO. These DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and

while on duty. This action is being brought with regard to the individual capacity of the said DEFENDANT OFFICERS.

20. On or about March 15 and/or March 16, 2010, certain DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and said certain DEFENDANT OFFICERS were duly appointed police officers for the CITY OF BERWYN. These DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of said DEFENDANT OFFICERS.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

21. Plaintiff restates and re-alleges paragraphs 1 – 20 as though fully set forth herein.

22. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto SAMANTHA CASE.

23. This conduct violated the Fourth Amendment of the United States Constitution.

24. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiff, SAMANTHA CASE, demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff, SAMANTHA CASE, also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### State Law Battery Claim

25. Plaintiff restates and re-alleges paragraphs 1 – 20 as though fully set forth herein.

26. The DEFENDANT OFFICERS struck SAMANTHA CASE, intentionally, without consent and without justification.

27. SAMANTHA CASE suffered injury as a result.

28. The conduct of the DEFENDANT OFFICERS was in violation of the State of Illinois Law.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, the Plaintiff, SAMANATHA CASE, demands compensatory damages from the DEFENDANT OFFICERS. The Plaintiff, SAMANTHA CASE, also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
## 745 ILCS 10/9-102 Claim Against the TOWN OF CICERO

30. Plaintiff restates and re-alleges paragraphs 1 – 20 as though fully set forth herein.

31. Defendant TOWN OF CICERO, is the employer of certain DEFENDANT OFFICERS.

32. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the TOWN OF CICERO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff SAMANTHA CASE, demands that, pursuant to 745 ILCS 10/9-102, the TOWN OF CICERO pay any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IV
## 745 ILCS 10/9-102 Claim Against the CITY OF BERWYN

33. Plaintiff restates and re-alleges paragraphs 1 – 20 as though fully set forth herein.

5

34. Defendant CITY OF BERWYN, is the employer of certain DEFENDANT OFFICERS.

35. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF BERWYN.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff SAMANTHA CASE, demands that, pursuant to 745 ILCS 10/9-102, the CITY OF BERWYN, pay any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

### COUNT V
### Supplementary Claim for *Respondeat Superior*

36. Plaintiff restates and re-alleges paragraphs 1 – 20 as though fully set forth herein.

37. The aforesaid acts of certain DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant TOWN OF CICERO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff, SAMANTHA CASE, demands judgment against the TOWN OF CICERO and such other additional relief, as this Court deems equitable and just.

### COUNT VI
### Supplementary Claim for *Respondeat Superior*

38. Plaintiff restates and re-alleges paragraphs 1 – 20 as though fully set forth herein.

39. The aforesaid acts of certain DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF BERWYN, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff, SAMANTHA CASE, demands judgment against the CITY OF BERWYN, and such other additional relief, as this Court deems equitable and just.

## **JURY DEMAND**

40. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff

The Blake Horwitz Law Firm, Ltd.
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Phone (312) 676-2100
Fax (312) 372-7076