# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SAMANTHA CASE individually and as representative and/or guardian of NICHOLAS SANTIAGO, JR.<br>    Plaintiff,<br><br>vs.<br><br>THE TOWN OF CICERO,<br>OFFICER IRWIN BARRIOS #370,<br>OFFICER VITO PACIONE #399,<br>SERGEANT CRUZ #131,<br>OFFICER EDWARD LYMAN #219<br>OFFICER INGVE #284, OFFICER D. KO #379, OFFICER E. LOPEZ #257,<br>OFFICER N. DRAKULICH #289,<br>COMMANDER GARCIA #117,<br>THE CITY OF BERWYN,<br>OFFICER MANN #251,<br>AND OFFICER STEFANO #376,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  10 CV 7392<br>)<br>)<br>)<br>)  Magistrate Denlow<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THIRD AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiffs, SAMANTHA CASE individually and as representative and/or guardian of NICHOLAS SANTIAGO, JR., by and through their attorneys, Blake Horwitz, Esq. from The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law, states the following against OFFICER IRWIN BARRIOS #370, OFFICER VITO PACIONE #399, SERGEANT CRUZ #131, OFFICER EDWARD LYMAN #219, OFFICER INGVE #284, OFFICER D. KO #379, OFFICER E. LOPEZ #257, OFFICER N. DRAKULICH #289, COMMANDER GARCIA #117, (hereinafter referred to as "CICERO DEFENDANT OFFICERS"), OFFICER MANN #251,

1

OFFICER STEFANO #376, (hereinafter referred to as "BERWYN DEFENDANT OFFICERS") and the TOWN OF CICERO and the CITY OF BERWYN.

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. SAMANTHA CASE is a resident of the State of Illinois and of the United States.

3. NICHOLAS SANTIAGO, JR. is a resident of the State of Illinois and of the United States.

4. The CICERO DEFENDANT OFFICERS, at all times relevant hereto, were employed by and acting on behalf of the TOWN OF CICERO.

5. The BERWYN DEFENDANT OFFICERS, at all times relevant hereto, were employed by and acting on behalf of the CITY OF BERWYN.

6. The TOWN OF CICERO is a duly incorporated municipal corporation and is the employer and principal of the CICERO DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the CICERO DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the TOWN OF CICERO.

7. The CITY OF BERWYN is a duly incorporated municipal corporation and is the employer and principal of the BERWYN DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this

Complaint, the BERWYN DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF BERWYN.

## **FACTS**

8. On or about March 15, 2010 through March 16, 2010, some or all of the DEFENDANT OFFICERS arrived at or about 1638 W. Harvey in Berwyn, Illinois.

9. Some or all of the DEFENDANT OFFICERS arrived at the home with a search warrant for the premises and for Nicholas Santiago.

10. At the aforementioned time and place, SAMANTHA CASE was a guest, legally inside the home.

11. On or about March 15, 2010, SAMANTHA CASE was five-months pregnant with her unborn child, NICHOLAS SANTIAGO, JR.

12. Subsequently, upon information and belief, certain DEFENDANT OFFICERS, came into physical contact with SAMANTHA CASE.

13. Both SAMANTHA CASE and Nicholas Santiago told the DEFENDANT OFFICERS that she was five-months pregnant at that time.

14. The DEFENDANT OFFICERS knew that SAMANTHA CASE was pregnant on March 15, 2010 through March 16, 2010.

15. Certain CICERO DEFENDANT OFFICERS touched SAMANTHA CASE on or about her body.

16. Certain BERWYN DEFENDANT OFFICERS touched SAMANTHA CASE on or about her body.

17. DEFDENDAT OFFICER IRWIN BARRIOS #370 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

18. DEFDENDAT OFFICER VITO PACIONE #399 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

19. DEFDENDAT OFFICER SERGEANT CRUZ #131 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

20. DEFDENDAT OFFICER EDWARD LYMAN #219 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

21. DEFDENDAT OFFICER INGVE #284 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

22. DEFDENDAT OFFICER D. KO #379 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

23. DEFDENDAT OFFICER E. LOPEZ #257 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

24. DEFDENDAT OFFICER N. DRAKULICH #289 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

25. DEFDENDAT OFFICER COMMANDER GARCIA #117 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

26. DEFDENDAT OFFICER MANN #251 touched SAMANTHA CASE on or about her body on March 15, 2010 through March 16, 2010.

27. An Officer from the TOWN OF CICERO pushed SAMANTHA CASE to the ground.

28. An Officer from the CITY OF BERWYN pushed SAMANTHA CASE to the ground.

29. Certain CICERO DEFENDANT OFFICERS handcuffed SAMANTHA CASE on or about her body.

30. Certain BERWYN DEFENDANT OFFICERS handcuffed SAMANTHA CASE on or about her body.

31. Certain BERWYN DEFENDANT OFFICERS touched SAMANTHA CASE and pushed her to the ground even though they knew that she was pregnant and that their actions could cause injury to the unborn child.

32. Certain CICERO DEFENDANT OFFICERS touched SAMANTHA CASE and pushed her to the ground even though they knew that she was pregnant and that their actions could cause injury to the unborn child.

33. SAMANTHA CASE was at all times cooperative, and at all times compliant with any and all requests and orders made upon her by any and all of the DEFENDANT OFFICERS.

34. Certain DEFENDANT OFFICERS refused to allow SAMANTHA CASE to get up or to move at any time, even after they were advised that she was experiencing pain, due to her pregnancy.

35. Afterwards she was seated on the couch upstairs and questioned by certain of the DEFENDANT OFFICERS. The DEFENDANT OFFICERS called SAMANTHA CASE offensive names and told her that they would have her baby (which was *in utero*), taken away.

36. The DEFENDANT OFFICERS were on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of their employment.

37. Specifically, some or all of the DEFENDANT OFFICERS touched and pushed SAMANTHA CASE, despite the fact that the she

   a. had not resisted,

   b. was compliant at all times, and was not a threat to the DEFENDANT OFFICERS.

38. On or about March 15, 2010 and/or March 16, 2010, SAMANTHA CASE did not obstruct justice any of the DEFENDANT OFFICERS.

39. On or about March 15, 2010 and/or March 16, 2010, SAMANTHA CASE did not resist in any way any of the DEFENDANT OFFICERS.

40. On or about March 15, 2010 and/or March 16, 2010, SAMANTHA CASE did not batter and/or assault any the DEFENDANT OFFICERS.

41. The show of force initiated by and/or the failure to intervene in the use of said force by some or all of the DEFENDANT OFFICERS was unreasonable.

42. On March 15, 2010 and/or March 16, 2010, SAMANTHA CASE had not committed an act contrary to the laws of the State of Illinois.

43. On March 15, 2010 and/or March 16, 2010, SAMANTHA CASE was not at any time the focus or subject of a criminal investigation.

44. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, Plaintiff, SAMANTHA CASE suffered severe injuries to her body and herself and was forced to undergo medical treatment, sustain medical bills, and will continue to sustain medical bills in the future.

45. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, the Plaintiff, SAMANTHA CASE prematurely went

into labor shortly thereafter and delivered a baby named NICHOLAS SANTIAGO, JR. NICHOLAS SANTIAGO, JR. who is suffering with very severe injuries to his body and was forced to undergo medical treatment, sustain medical bills, and will continue to sustain medical bills in the future.

46. The DEFENDANT CICERO OFFICERS falsified police reports and documentation regarding their interaction with SAMANTHA CASE on March 15, 2010 and March 16, 2010.

47. On or about March 15, 2010 and/or March 16, 2010, certain CICERO DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and said certain CICERO DEFENDANT OFFICERS were duly appointed police officers for the TOWN OF CICERO.

48. These CICERO DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

49. This action is being brought with regard to the individual capacity of the said CICERO DEFENDANT OFFICERS.

50. On or about March 15, 2010 and/or March 16, 2010, certain BERWYN DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and said certain BERWYN DEFENDANT OFFICERS were duly appointed police officers for the CITY OF BERWYN.

51. These BERWYN DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

52. This action is being brought with regard to the individual capacity of said BERWYN DEFENDANT OFFICERS.

53. The actions of the Town of Cicero as detailed in the subsequent paragraphs were the proximate cause of the CICERO DEFENDANT OFFICERS actions as alleged in this Complaint, based on inter alia, lawlessness and rule violations that occur at the Cicero Police Department.

54. The Town of Cicero and individual Cicero Police Officers have been named as defendants in numerous claims and federal lawsuits involving excessive force over the past ten years.

55. The Town of Cicero and individual Cicero Police Officers have had judgments entered against them for acts of excessive force in federal court.

56. The Town of Cicero and individual Cicero Police Officers have been named as defendants in numerous claims and federal lawsuits involving official misconduct and falsification of police reports.

57. The Town of Cicero and individual Cicero Police Officers have had judgments entered against them for acts of official misconduct and falsification of police reports.

58. For example, 23 civilians received sizable verdicts in claims against approximately 17 officers for excessive force involving pepper spray, night spray, night sticks and other forms of physical force at a baptism in *Duran et al. v. Town of Cicero et al.,* 08-cv-2467. Upon information and belief, none of the officers in *Duran et al. v. Town of Cicero* were disciplined for their misconduct.

59. The Town of Cicero has been involved in approximately a century of corruption resulting in official acts of misconduct. Most recently, the last Town President Betty Loren-Maltese, along with other town officials, were indicted of federal racketeering diverting more than $10 million of public money to a third party claims administrator for

the town's self-insurance plans which personally benefitted Loren-Maltese and other town officials.

60. Upon information and belief, none of the police officers involved in the misconduct alleged above were not disciplined reprimanded, or punished by the Town of Cicero.

61. Amongst these official acts of misconduct regarding the Town of Cicero Police Department, through its officers, participated in racketeering with a trucking company and turning a blind eye to the government officials' racketeering and fraud.

62. Failure to recognize and/or discipline officers for the Cicero Police Department and the Town of Cicero, as alleged, creates a permissive environment for acts of lawlessness, which is a proximate cause to the acts of misconduct of the CICERO DEFENDANT OFFICERS as alleged in this complaint. Based on this failure to discipline, the CICERO DEFENDANT OFFICERS believed that they could engage in acts of misconduct without being disciplined and/or punished.

63. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the TOWN OF CICERO for a significant period of time, so much so, that police officers for the TOWN OF CICERO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the TOWN OF CICERO police department in order to permit said conduct to re-occur.

64. A code of silence exists among officers of the Defendant Municipality. This code

of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

65. As a direct a proximate result of the aforementioned acts and omissions by Defendant TOWN OF CICERO there existed a custom, practice, policy, and/or pattern, either implicit or explicit by the TOWN OF CICERO in which officers were not held accountable for their wrongful and/or illegal acts.

66. Said custom, practice, policy, and/or pattern by the TOWN OF CICERO encouraged, endorsed, were willfully ignorant to, or otherwise promoted said wrongful acts by DEFENDANT OFFICERS.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

67. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

68. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto SAMANTHA CASE.

69. This conduct violated the Fourth Amendment of the United States Constitution.

70. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff, SAMANTHA CASE, demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff, SAMANTHA CASE, also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

71. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

72. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto SAMANTHA CASE, who was pregnant with NICHOLAS SANTIAGO, JR. at that time.

73. This conduct violated the Fourth Amendment of the United States Constitution.

74. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff, NICHOLAS SANTIAGO, JR., demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff, NICHOLAS SANTIAGO, JR., also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
### State Law Battery Claim

75. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

76. The DEFENDANT OFFICERS touched SAMANTHA CASE, intentionally, without consent and without justification.

77. The DEFENDANT OFFICERS pushed SAMANTHA CASE, intentionally, without consent and without justification.

78. SAMANTHA CASE suffered injury as a result.

79. The conduct of the DEFENDANT OFFICERS was in violation of the State of Illinois Law.

80. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, the Plaintiff, SAMANATHA CASE, demands compensatory damages from the DEFENDANT OFFICERS. The Plaintiff, SAMANTHA CASE, also demands costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT IV
## State Law Battery Claim

81. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

82. The DEFENDANT OFFICERS touched SAMANTHA CASE, who was pregnant with NICHOLAS SANTIAGO, JR. at that time, intentionally, without consent and without justification.

83. The DEFENDANT OFFICERS pushed SAMANTHA CASE, who was pregnant with NICHOLAS SANTIAGO, JR. at that time, intentionally, without consent and without justification.

84. NICHOLAS SANTIAGO, JR. suffered injury as a result.

85. The conduct of the DEFENDANT OFFICERS was in violation of the State of Illinois Law.

86. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, the Plaintiff, NICHOLAS SANTIAGO, JR., demands compensatory damages from the DEFENDANT OFFICERS. The Plaintiff, NICOLAS SANTIAGO, JR., also demands costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
## 745 ILCS 10/9-102 Claim Against the TOWN OF CICERO

87. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

88. Defendant TOWN OF CICERO, is the employer of certain CICERO DEFENDANT OFFICERS.

89. The CICERO DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the TOWN OF CICERO.

WHEREFORE, should the CICERO DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiffs SAMANTHA CASE and NICHOLAS SANTIAGO, demand that, pursuant to 745 ILCS 10/9-102, the TOWN OF CICERO pay any judgment obtained against the CICERO DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VI
## 745 ILCS 10/9-102 Claim Against the CITY OF BERWYN

90. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

91. Defendant CITY OF BERWYN, is the employer of certain BERWYN DEFENDANT OFFICERS.

92. The BERWYN DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF BERWYN.

WHEREFORE, should the BERWYN DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiffs SAMANTHA CASE and NICHOLAS SANTIAGO, JR., demand that, pursuant to 745 ILCS 10/9-102, the CITY OF BERWYN, pay any judgment obtained against the BERWYN DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

93. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

94. The aforesaid acts of certain CICERO DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant TOWN OF CICERO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the CICERO DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiffs, SAMANTHA CASE and NICHOLAS SANTIAGO, JR., demand judgment against the TOWN OF CICERO and such other additional relief, as this Court deems equitable and just.

## COUNT VIII
### Supplementary Claim for *Respondeat Superior*

95. Plaintiffs restate and re-allege paragraphs 1 – 66 as though fully set forth herein.

96. The aforesaid acts of certain BERWYN DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF BERWYN, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the BERWYN DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiffs, SAMANTHA CASE and NICHOLAS SANTIAGO, JR., demand judgment against the CITY OF BERWYN, and such other additional relief, as this Court deems equitable and just.

## COUNT IX
### MONELL CLAIM AGAINST THE TOWN OF CICERO

97. The Plaintiff re-alleges paragraphs 1 - 66 as though fully set forth herein.

98. It is the custom, practice and policy of police officers and/or there supervisors/agents

and/or other employees of the Town of Cicero to perform the following acts and/or omissions in connection with Count I and II directed at the Town of Cicero police officers:

    a. Supervisory individuals from the Town of Cicero fail to properly discipline Town of Cicero police officers that have committed acts of excessive force;

    b. Supervisory individuals from the Town of Cicero fail to properly investigate civilian complaints to determine if there were acts of excessive force committed;

    c. Supervisory individuals from the Town of Cicero fail to take proper remedial action aganst a Town of Cicero Police officer once it is determined that he/she has committed acts of excessive force;

    d. Supervisory individuals fail to give proper training to Town of Cicero police officers regarding detaining an individual without the use of excessive force.

    e. Supervisory individuals from the Town of Cicero fail to properly discipline Town of Cicero police officers that have falsified police reports;

    f. Supervisory individuals from the Town of Cicero fail to properly investigate civilian complaints to determine if falsified police reports;

    g. Supervisory individuals from the Town of Cicero fail to take proper remedial action against a Town of Cicero Police officer once it is determined that he/she has committed acts of falsifying police reports;

    h. Supervisory individuals fail to give proper training to Town of Cicero police officers regarding falsifying police reports.

99. As a result of the misconduct undertaken by the Town of Cicero, through it employees, the Plaintiffs suffered serious injuries, as the custom, practice and policy of the Town of Cicero permits and/or makes conducive to the Town of Cicero police officers, the type of conduct that occurred in the instant cause, as alleged in this complaint.

WHEREFORE, Plaintiff demands judgment against the Town of Cicero, plus attorney's fees and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## JURY DEMAND

100. Plaintiffs demand trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff

The Blake Horwitz Law Firm, Ltd.
39 S. LaSalle, Ste. 1515
Chicago, Illinois 60603
Phone (312) 676-2100
Fax (312) 445-8741

# CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2011, pursuant to Fed.R.Civ.P. 5 and the Northern District of Illinois's General Order on Electronic Case Filing, sec. XI, I caused the following documents:

THIRD AMENDED COMPLAINT AT LAW

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an enotice of the electronic filing to the following:

Blake Wolfe Horwitz
bhorwitz@hrbattorneys.com,lobh@att.net,ljones@hrbattorneys.com,mpizarro@hrbattorneys.com, ovirola@hrbattorneys.com,eadame@hrbattorneys.com

Uma Bansal      ubansal@bhlfattorneys.com

Leah Selinger    lselinger@bhlfattorneys.com

K. Austin Zimmer      zimmer@dlglawgroup.com

Cynthia Sara Grandfield     grandfield@dlglawgroup.com
Veronica Bonilla-Lopez      vblopez@dlglawgroup.com

George Santo Spataro        spataro@dlglawgroup.com


/s/ Blake Horwitz

The Blake Horwitz Law Firm, Ltd.
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, Illinois 60603
Telephone: (312) 676-2100
Fax: (312) 372-7076