**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA CASE individually and as representative and/or guardian of NICHOLAS SANTIAGO, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10 CV 07392 |
| THE TOWN OF CICERO, OFFICER IRWIN BARRIOS #370, OFFICER VITO PACIONE #399 SERGEANT CRUZ #131, OFFICER EDWARD LYMAN #219, OFFICER INGVE #284, OFFICER D. KO #379, OFFICER E. LOPEZ #257, OFFICER N. DRAKULICH #289, COMMANDER GARCIA #117, THE CITY OF BERWYN, OFFICER MANN #251, AND OFFICER STEFANO #376, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Denlow |
| Defendants. | ) | |

### DEFENDANTS' AMENDED ANSWERS TO PLAINTIFFS' DECEMBER 7, 2011 REQUESTS TO ADMIT FACTS

The Defendants, by their attorneys herein, offer the following to respond to Plaintiffs' December 7, 2011 Requests to Admit Facts:

1. On or about March 15, 2010, Samantha Case was pregnant.

**ANSWER:** On March 15, 2010 W. Defendants Cruz and J. Ingve were verbally informed by Nicholas Santiago that Samantha Case was pregnant. Additionally, Samantha Case testified under oath during her deposition herein that on March 15, 2010 she was pregnant, and medical records received during discovery herein reflect that she was pregnant on March 15, 2010. Therefore, as of the date of this answer, Defendants admit that she was pregnant on March 15, 2010.

2. On or about March 16, 2010, Samantha Case was pregnant.

**ANSWER:** Samantha Case testified under oath during her deposition herein that on March 16, 2010 she was pregnant, and medical records received during discovery herein reflect that she was pregnant on March 16, 2010. Therefore, as of the date of this answer, Defendants admit that she was pregnant on March 16, 2010.

3. The responding Defendant to this Request to Admit touched Samantha Case on March 15, 2010.

**ANSWER:** All responding Defendants deny that they touched Samantha Case in the basement on 3/15/2010 at 1638 S. Harvey, Berwyn, IL.

4. The responding Defendant to this Request to Admit touched Samantha Case on March 16, 2010.

**ANSWER:** Deny.

5. The responding Defendant to this Request to Admit, on March 15, 2010, did not observe Samantha Case engaged in an activity that the responding Defendant believed was a crime.

**ANSWER:** All responding Defendants admit they did not observe Samantha Case engage in an activity that they believed was a crime, except that she was in the basement bedroom where drugs were found during the search.

6. The responding Defendant to this Request to Admit, on March 16, 2010 did not observe Samantha Case engage in activity that the responding Defendant believed was a crime.

**ANSWER:** Admit.

7. The responding Defendant to this Request to Admit saw Samantha Case on March 15, 2010.

**ANSWER:** Cicero Defendants W. Cruz, J. Ingve, and L. Garcia admit that they saw a female identified as Nicholas Santiago's girlfriend, who is now known to be Samantha Case in the basement of the subject residence on March 15, 2010. Other individual Cicero Defendants herein admit that they saw females at the subject residence on March 15, 2010 but are not sure that one of them was Samantha Case. The individual Berwyn Defendants herein admit that they saw females at the subject residence on March 15, 2010 but are not sure that one of them was Samantha Case. Therefore, this request is admitted in part and denied in part. Lastly, Defendants object to this request as it calls for them to speculate as to matters not within their personal knowledge.

8. The responding Defendant to this Request to Admit saw Samantha Case on March 16, 2010.

**ANSWER:** Deny.

9. The responding Defendant to this Request to Admit spoke to Samantha Case on March 15, 2010.

**ANSWER:** Cicero Defendants W. Cruz and L. Garcia admit they spoke to Samantha Case on March 15, 2010 in the basement of the subject residence. Cicero Defendant E. Lopez admits he spoke to Samantha Case on the first floor of the subject residence when he took names and other information from the persons present. The other individual Cicero Defendants deny this request. The individual Berwyn Defendants deny this request.

10. The responding Defendant to this Request to Admit spoke to Samantha Case on March 16, 2010.

**ANSWER:** Deny.

11. The responding Defendant to this Request to Admit spoke to Samantha Case on March 15, 2010 a few minutes before, a few minutes after or while she was being handcuffed.

**ANSWER:** Deny; Samantha Case was not handcuffed on March 15, 2010.

12. The responding Defendant to this Request to Admit spoke to Samantha Case on March 16, 2010 a few minutes before, a few minutes after or while she was being handcuffed.

**ANSWER:** Deny; Samantha Case was not handcuffed on March 16, 2010.

13. The responding Defendant believed, on March 15, 2010, that Samantha Case was pregnant.

**ANSWER:** On March 15, 2010 individual Cicero Defendants W. Cruz and J. Ingve herein were verbally informed by Nicholas Santiago that his girlfriend Samantha Case was pregnant. Other individual Cicero Defendants herein were informed by co-defendants that Samantha Case was pregnant. The Berwyn Defendants were not so informed on March 15, 2010. The individual Cicero Defendants herein had no reason to dispute that Samantha Case was pregnant on March 15, 2010. The uninformed individual Cicero and Berwyn Defendants herein deny this request. All Defendants object to this request as a call to speculate where they had no direct proof of the fact asserted herein.

14. The responding Defendant believed, on March 16, 2010, that Samantha Case was pregnant.

**ANSWER:** Deny.

15. The responding Defendant, on March 16, 2010 saw Samantha Case in an abode located at 1638 W. Harvey in Berwyn, Illinois.

**ANSWER:** Deny.

16. The responding Defendant, on March 15, 2010 saw Samantha Case in an abode located at 1638 W. Harvey in Berwyn, Illinois.

**ANSWER:** Objection; Duplicate Request. See response to No. 7 above.

17. Samantha Case was a guest, legally, inside an abode located at 1638 W. Harvey, Berwyn, Illinois.

**ANSWER:** Objection; Not specific as to date. Without waiving this objection, Defendants offer their response to request No. 7 above in response hereto, and additionally state that they have no reason to believe that Samantha Case was illegally inside the subject residence on March 15, 2010.

18. Samantha Case gave birth to Nicholas Santiago, Jr. on March 18, 2010.

**ANSWER:** Based upon medical records received herein in discovery and upon Samantha Case's sworn deposition testimony, Defendants admit that Nicholas Santiago, Jr. was born on March 18, 2010. Otherwise, Defendants have no personal knowledge thereof.

19. The responding Defendant, on March 15, 2010 saw Samantha Case on the ground in an abode located at 1638 W. Harvey in Berwyn, Illinois.

**ANSWER:** Deny.

20. The responding Defendant, on March 16, 2010 saw Samantha Case on the ground in an abode located at 1638 W. Harvey in Berwyn, Illinois.

**ANSWER:** Deny.

21. The responding Defendant, on March 16, 2010 did not see Samantha Case engage in conduct that the responding Defendant believed to be resisting arrest.

**ANSWER:** Admit.

22. The responding Defendant, on March 15, 2010 did not see Samantha Case engage in conduct that the responding Defendant believed to be resisting arrest.

**ANSWER:** Admit.

23. The responding Defendant, on March 15, 2010 did not see Samantha Case engage in conduct that the responding Defendant believed to be obstruction of justice.

**ANSWER:** Admit.

24. The responding Defendant, on March 16, 2010 did not see Samantha Case engage in conduct that the responding Defendant believed to be obstruction of justice.

**ANSWER:** Admit.

25. On March 16, 2010 Samantha Case was not arrested.

**ANSWER:** Admit.

26. On March 15, 2010 Samantha Case was not arrested.

**ANSWER:** Admit.

27. On March 16, 2010 Samantha Case was handcuffed.

**ANSWER:** Deny.

28. On March 15, 2010 Samantha Case was handcuffed.

**ANSWER:** Deny.

29. The responding Defendant acted within the scope of his employment at all times that he interacted with and/or saw Samantha Case on March 15, 2010.

**ANSWER:** Admit.

30. The responding Defendant acted within the scope of his employment at all times that he interacted with and/or saw Samantha Case on March 16, 2010.

**ANSWER:** Deny. Defendants did not see Samantha Case on March 16, 2010.

31. The responding Defendant was getting paid and acting within his job description at all times that he interacted with and/or saw Samantha Case on March 15, 2010.

**ANSWER:** Admit that Defendants were getting paid and acting within their job descriptions at all times relevant hereto on March 15, 2010, while at the subject residence.

32. The responding Defendant was getting paid and acting within his job description at all times that he interacted with and/or saw Samantha Case on March 16, 2010.

**ANSWER:** Deny that the Defendants saw or interacted with Samantha Case on March 16, 2010.

    Respectfully Submitted,

    DEL GALDO LAW GROUP, LLC

    *s/ George S. Spataro*
    One of the Attorneys for the Defendant's

K. Austin Zimmer (#6276227)
George S. Spataro (#3126416)
DEL GALDO LAW GROUP, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000
(708) 222-7001 (fax)
*Attorneys for all Defendants*